```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :            12-CR-326 (JMF)
                -v-                                     :
                                                        :            05-CR-1292 (JMF)
JOSE GONZALEZ,                                          :
                                                        :          MEMORANDUM OPINION
                                Defendant.              :             AND ORDER
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  On May 15, 2020, Defendant Jose Gonzalez filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  *See* 12-CR-326, ECF No. 73; 05-CR-1292, ECF No. 18. Gonzalez is currently serving a 144-month sentence in Case No. 12-CR-326, followed by a twenty-four-month sentence in Case No. 05-CR-1292.  *See* 12-CR-326, ECF No. 46; 05-CR-1292, ECF No. 14.  For substantially the reasons stated in Gonzalez's memoranda of law in support of his motion, 12-CR-326, ECF Nos. 73 & 76, Gonzalez's motion is granted.

  Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  The statute also imposes a mandatory exhaustion requirement, *see id.* § 3582(c)(1)(A), which the Government does not dispute that Gonzalez has met, *see* ECF No. 73, at 10.

  On the merits, Gonzalez satisfies all of the requirements for compassionate release.  First, as numerous courts have concluded, the threat of COVID-19 to those in prison constitutes an

extraordinary and compelling reason for compassionate release, especially for those whose preexisting medical conditions put them at heightened risk. *See, e.g.*, *United States v. Pena*, No. 15-CR-551 (AJN), 2020 WL 2301199, at *4 (S.D.N.Y. May 8, 2020). Gonzalez's chronic hypertension and obesity place him in this high-risk group. *See id.*

Next, release is consistent with the Section 3553(a) factors and applicable policy statements. In 2014, Gonzalez was sentenced to a total of fourteen years in prison for several drug crimes, including one committed while on supervised release. These offenses capped a "career" of crime spanning from 1997 to 2011. *See* 12-CR-326, ECF No. 54, at 35. Accordingly, at the time, the Court's "substantial" sentence was sufficient, but no greater than necessary, to achieve the purposes of sentencing, "especially to protect the public from further crimes . . . and to deter [Gonzalez] and others from committing additional crimes." *Id.* at 38-39.

The balance weighs differently in the current circumstances. Importantly, "[d]ue to the COVID-19 pandemic, the 'history and characteristics of the defendant' and the 'need . . . to provide the defendant with needed . . . medical care,' § 3553(a), now weigh heavily in favor of [Gonzalez's] release, given the health risk that continued incarceration poses to him." *Pena*, 2020 WL 2301199, at *4. Gonzalez is forty-five years old and especially vulnerable to COVID-19 because of his hypertension and obesity. *See id.* He has already served more than eight years in prison, *see* ECF No. 73, at 3, and has used the time to better himself and demonstrate that, as the Court had "hope[d]" he would in 2014, he is "turning [his] life around," ECF No. 54, at 38. *See* ECF No. 73, Exh. B, at 2; *id.* Exh. C. Meanwhile, he has received only "one incident report since 2012" for a non-violent incident, *id.* Exh. B, at 3, and his facility classifies him as posing no risk to public safety, *id.* Exh. D. Thus, "[t]he time he has served in prison has already achieved much of the original sentence's retributive, deterrent, and incapacitative purpose,"

*Pena*, 2020 WL 2301199, at *4, and Gonzalez no longer poses "a danger to the safety of any other person or to the community, U.S.S.G. § 1B1.13(2). Taken together, the relevant considerations warrant compassionate release.

      Accordingly, Gonzalez's motion is GRANTED. More specifically, the Court orders that:

(1) Gonzalez's sentence of incarceration in these cases is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A);

(2) Gonzalez is ordered released from Bureau of Prisons custody, effective immediately; and

(3) Upon his release, Gonzalez shall serve four years of supervised release, subject to the conditions of supervised release set forth in the judgment dated September 16, 2014, *see* 12-CR-326, ECF No. 46, modified as follows:

    (a) Gonzalez shall serve twelve months of supervised release on home confinement, to be enforced by GPS monitoring, at the residence approved by the Probation Department;

    (b) Gonzalez is to report to the Probation Department at 500 Pearl Street, 6th Floor, New York, New York, at **10:00 a.m. fourteen days after his release** (during which time he is to self-quarantine at his approved residence), to have the GPS tracker affixed to his ankle;

    (c) While on home confinement, Gonzalez must remain at his approved residence except to seek any necessary medical treatment, in each instance with prior notice and approval by the Probation Department; and

    (d) Gonzalez must possess or have access to a telephone that will allow him to video-conference with the Probation Department.

The Government shall immediately notify the Bureau of Prisons of this Order.

      The Clerk of Court is directed to terminate 12-CR-326, ECF No. 73, and 05-CR-1292, ECF No. 18.

      SO ORDERED.

Dated: May 28, 2020
      New York, New York

                                     JESSE M. FURMAN
                                     United States District Judge